**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH EVERETT MOORE, | No. 19-35002 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02057-JO |
| v. | |
| BRAD CAIN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Oregon state prisoner Kenneth Everett Moore appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a district court's summary judgment for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to exhaust administrative remedies.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Moore failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances in which administrative remedies are unavailable, including when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

A judgment based on failure to exhaust administrative remedies should be without prejudice.  *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no presuit exhaustion[.]" (emphasis, citation, and internal quotation marks omitted)).  We affirm the district court's summary judgment, but remand to the district court with

19-35002

instructions to amend the judgment to reflect that it is without prejudice.

**AFFIRMED; REMANDED with instructions to amend the judgment.**